# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60730
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER CARL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-10-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Carl Brown pleaded guilty to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine. After conducting a hearing, the district court sentenced Brown to 240 months in prison. In imposing its sentence, the district court applied a leadership enhancement, pursuant to U.S.S.G. § 3B1.1(a). On appeal, Brown challenges the leadership enhancement, arguing that the evidence showed that he was a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mere participant or member in the conspiracy.  For the following reasons, we AFFIRM the district court's judgment.

A defendant's offense level should be increased four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S. Sentencing Guidelines Manual § 3B1.1(a).  "In determining whether a defendant is a leader, a court should consider the following factors: 'the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.'"  *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001) (quoting U.S. Sentencing Guidelines Manual § 3B1.1 (cmt. n.4)).

The district court's determination that Brown was a leader or organizer for purposes of § 3B1.1(a) is a factual finding that we review for clear error.  *See United States v. Alaniz*, 726 F.3d 586, 622 (5th Cir. 2013).  We "will uphold a district court's factual finding on clear error review so long as the enhancement is plausible in light of the record as a whole."  *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

As found by the district court, the presentence report and the sentencing testimony showed that Brown's role far exceeded that of an average member or a mere "cook."  Brown recruited and organized others for the purpose of securing pseudoephedrine and other precursor materials, he determined the form and amount of payment for those materials, and he secured locations to cook the methamphetamine.  The district court's factual findings are plausible in light of the record as a whole.  *Id.*  Accordingly, the district court's decision is not clearly erroneous.  *Id.*